**AMERICAN–AMICABLE LIFE INSUR-
ANCE COMPANY, Petitioner,**

v.

**Oscar W. LAWSON, Respondent.**

**No. B–52.**

Supreme Court of Texas.

Oct. 4, 1967.

Rehearing Denied Nov. 15, 1967.

Jones, Boyd, Westbrook & Lovelace, O. F. Jones, Jr., Waco, for petitioner.

Cox, Smith & Smith, Joe Smyer and J. Burleson Smith, San Antonio, for respondent.

GRIFFIN, Justice.

This is a suit by Oscar W. Lawson, respondent, against American-Amicable Life Insurance Company, petitioner, for recovery of double indemnity benefits alleged to be due under a "binding" receipt for insurance. Due to the prior death of the insured, no insurance policy was issued, and the Respondent Lawson must recover, if at all, upon the written receipt and application for insurance.

When the case came on for trial both parties filed motions for summary judgment, and the trial court, after a hearing, denied the motion of the insurance company and granted summary judgment to Lawson. That judgment has been affirmed by the Court of Civil Appeals. 409 S.W.2d 462.

We granted a writ of error on the insurance company's point that it had fully discharged its liability to Plaintiff Lawson under the terms of the insurance contract. We reverse the judgments of both courts below and render judgment that Lawson recover nothing.

The facts are undisputed.

On July 9, 1964, deceased Richard James Lawson, through a duly authorized agent of the insurance company, signed an application for the issuance of a life insurance policy on his life in the principal amount of $25,000.00 and requested double indemnity in a like amount, with Oscar W. Lawson as beneficiary. On the signing of the application Richard Lawson paid to the agent the sum of $26.50, the amount of monthly premium due on the plan of life insurance selected containing the desired double indemnity feature. Richard Lawson

received from the agent the premium receipt hereinafter discussed. The application was forwarded to the home office of the insurance company for processing, and on September 8, 1964, a duly authorized officer of the company approved the application for the insurance on the plan applied for and so stamped the approval on the application. On September 6, 1964, Richard Lawson died as the result of drowning. The first knowledge the company had of his death was on receipt of notice of death of Richard Lawson September 9, 1964. No policy of insurance was ever written. The beneficiary, Oscar W. Lawson, made claim for the amount of $25,000.00 life insurance benefits and $25,000.00 double indemnity benefits. After investigation and conferences with Oscar W. Lawson and his attorneys, the insurance company admitted liability for the $25,-000.00 life benefits and paid the amount to Oscar W. Lawson. The parties agreed that such payment was without prejudice to the claims or defenses either party might have had for the payment of double indemnity. The insurance company refused to pay the double indemnity liability on the ground that it was not liable for same under the insurance contract set out in the receipt. Oscar W. Lawson accepted the $25,000.00 paid and filed this suit for the additional $25,000.00 he claimed was due him as double indemnity.

Neither party has cited a case in point on our facts, and each claims it is a case of first impression in this State on the law points involved. Neither we nor the Court of Civil Appeals has been able to find a case in point.

The application for insurance filed by Richard Lawson contained the following provision, among others: "I declare that I have paid the soliciting agent under Receipt No. 66938 cash $26.50 representing the first premium as herein determined, and that I hold his receipt for the same on the receipt form detached from this application. *I agree to the terms of said receipt as well as the agreement set forth on the reverse*

*side thereof."* (Emphasis added.) The receipt which was detached from the application read as follows:

"No. 66938

### RECEIPT FOR FIRST PREMIUM AMICABLE LIFE INSURANCE COMPANY WACO, TEXAS

Received from Richard James Lawson at Killeen, Texas, cash $26.50, check $————, being the full initial premium (not less than one monthly premium) in accordance with application for insurance coverage of even date (this receipt and the application bearing the same identifying number), subject to the agreement of the applicant to all conditions precedent stipulated at any point in the agreement set forth on the reverse side hereof as to the effective date of the insurance coverage. Dated this 29th day of July, 1964.

(Signed) Bob Bernard, Agent.

"In connection with the receipt on the reverse side hereof it is agreed by the applicant that: (1) the policy for which application is made shall be effective from the date of the medical examination, or, if no such examination is required, from the date of this application, subject to payment in full of the initial premium (not less than one monthly premium), subject to the proposed insured person being alive and in good health on such pertinent date, subject to said application being accepted as evidenced by affirmative and active approval by the Company at its Home Office on the basis of the Company's standard published rates for the exact form of policy and amount of coverage, and subject to the agent delivering the receipt set forth on the reverse side hereof; (2) no agent can make contracts or waive any rights without written consent from the proper executive officer at the Home Office of the Company; (3) no insurance coverage shall be ef-

fective if any check given for such premium is not paid on presentation; (4) if written notice of approval is not given within 60 days after the date of said application, disapproval or rejection shall conclusively and automatically occur and exist as of the date of said application; (5) no temporary or interim insurance coverage shall exist by implication, but shall exist only in accordance with the express terms of this agreement; (6) if any policy differing in amount, premium or form from that described in this application, or if any policy with any endorsement or rider attached is offered and accepted, such acceptance shall ratify any variance with the policy requested in said application, but such policy shall not become effective until actually delivered and accepted in writing during the good health and lifetime of the proposed insured person; (7) if any policy issued contains the Automatic Premium Loan Provision, I hereby request the Company to take such action as is required in applying such provision, all in accordance with the terms of the policy contract; and (8) the amount of the insurance becoming effective under the terms hereof shall in no event exceed $25,000.00 less the amount of all other insurance in force with the company."

Respondent claims, and the Court of Civil Appeals agreed, that part (8) of the receipt when taken in connection with (1) thereof and the application for insurance, is ambiguous and therefore should be construed against the insurance company which chose the language of the instrument so as to permit recovery by Respondent Oscar W. Lawson. It is claimed that (8) is a limitation only on the liability of the insurance company for the life insurance and does not limit the double indemnity liability; that since the application under heading 2 provides that the plan of life insurance is to be under "Executive Preferred" and there is an additional line inquiring if "Double Indemnity" is desired by the ap-

plicant and was answered by Richard Lawson, "Yes," this raises a doubt as to whether (8) applies only to life insurance or double indemnity. As bolstering this argument, Plaintiff Lawson points out that under "12 Facts on Proposed Insured" of the application, H, I and J all ask regarding "life insurance" and K asks, "How much double indemnity is now in force?" which was answered, "None," and argues this shows that two separate contracts of insurance were in the contemplation of the parties. Again, it is contended that "insurance" and "double indemnity" are recognized as separate categories, and therefore when (8) uses the term "insurance" and "all other insurance" it has no reference to "double indemnity." It is argued this causes (8) to be an ambiguous provision subject to the rule of construction against the insurance company.

We must keep in mind that it is only by virtue of the wording of the receipt that there was any liability of any kind against the insurance company. The application under 4, Date of Policy _____, _____, _____, Month Day Year is answered "Date of Issue 1964." Since no policy was issued, nor is any liability claimed by virtue of a policy or by virtue of Lawson's right to have a policy issued, recovery can only be had under the terms of the receipt. It is this contract upon which plaintiff brought his suit, and it was by virtue of this contract that the insurance company paid the $25,000.00 life insurance. The receipt makes insurance effective as of the date of application, under certain conditions. There is no conflict in the terms of the application and the receipt. The application has reference to the policy to be issued. The receipt has reference to the sometimes designated "interim insurance" coverage of insured between the application date (in the case at bar no medical examination being required) and the date the policy is to be issued as provided in the application.

"As a general rule contracts of insurance are to be strictly construed in

favor of the insured, but this does not affect the further general rule that contracts of insurance are to be construed as other contracts, and that all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. See: United American Insurance Company v. Selby, 161 Tex. 162, 338 S.W.2d 160, 84 A.L.R.2d 367. It is the duty of the Court to construe the meaning of the language used in a contract. Minnesota Mut. Life Ins. Co. v. Newman, Tex.Civ. App. (1941), 157 S.W.2d 667, wr. ref. want of merit.

"Where, as here, an unambiguous writing is being construed, this Court will give effect to the intention of the parties as expressed or apparent in the writing. In the usual case the instrument alone will be deemed to express the intention of the parties, for it is objective and not subjective intent that controls. Ohio Oil Co. v. Smith, Tex., 365 S.W.2d 621. Thus, where the language of an insurance contract is plain, it must be enforced as made." Republic National Life Insurance Co. v. Spillars, Tex., 368 S.W.2d 92, 5 A.L.R.3d 957 (1963).

See also Royal Indemnity Company v. Marshall, Tex., 388 S.W.2d 176 (1965).

In examining the receipt and the application for insurance in the light of their functions and applying the law of construction of contracts thereto, we find that (8) is neither ambiguous nor in conflict with the application or with the other provisions of the receipt.

Section (1) of the receipt deals solely with the effective date of the "interim" insurance and sets forth the conditions governing the effective date of such insurance. Neither sections (2), (3), (4), (6) nor (7) are pertinent to our cause under consideration, as there are no facts in this case to which either or all or any combination of these five provisions would apply. (5) provides, "No temporary or interim insurance coverage shall exist by implication, but shall exist *only in accordance with the express terms of this agreement."* (Emphasis added.) (8) is one of the express terms of the agreement and the only provision as to the amount of the "interim" insurance coverage. It provides: "The amount of *the insurance becoming effective under the terms hereof shall in no event exceed $25,000* less the amount of all other insurance in force with the company." (Emphasis added.) This expressly limits the amount of the liability of the insurance company to the insured and his beneficiaries. The $25,000.00 figure was a printed figure contained in the instrument, and although same happens to be the amount of life insurance applied for in the application of Richard Lawson, the figure was not placed in the application because of its relevance to the amount of life insurance applied for by Richard Lawson.

Respondent also contends that the fact that the premium paid in the sum of $26.50 was by the company allocated $24.25 to life insurance and $2.25 to double indemnity was further proof that (8) has reference only to life insurance and does not limit the double indemnity liability of the company to plaintiff. In view of our holding that the coverage under the receipt is limited to $25,000.00, this point became immaterial.

We reverse the judgments of both courts below and render judgment that the respondent, Oscar W. Lawson, take nothing.