BANK OF the SOUTHWEST NATIONAL ASSOCIATION, Houston, et al., Appellants,

v.

JEFFERSON STANDARD LIFE INSURANCE COMPANY, Appellee.

No. 322.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1970.

Sandra K. Foster, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellants.

Leroy Jeffers, Charles T. Newton, Jr., Vinson, Elkins, Searls & Connally, Houston, for appellee.

TUNKS, Chief Justice.

This is a summary judgment case. It involves the construction of the language of a life insurance policy.

On January 17, 1924, Jefferson Standard Life Insurance Company issued a policy of life insurance in the face amount of $17,300 to Percy Edwin Turner, as insured. The policy provided for the payment of an annual premium. The annual premiums were payable until the death of the insured or until he reached the age of 85. It included the following provision:

### "NON-FORFEITURE PROVISIONS

"This policy is non-forfeitable as follows: After three full years from the date hereof, if there be no indebtedness to the Company, the Insured shall, within sixty days from the date of the nonpayment of any premium after the third, be entitled to a surrender value-in cash, paid-up non-participating insurance, or extended insurance—as set forth in the table below."

Attached to the policy and made a part thereof was a rider in the following language:

### "DOUBLE INDEMNITY

"The Company will pay the beneficiary in full settlement of all claims hereunder double the face amount of this policy, if, during the premium paying period, and before default in the payment of any premium, and before waiver of any premium on account of disability, and before any non-forfeiture provision is in effect, the death of the Insured results from bodily injury within ninety days after the occurrence of such injury, provided death results directly and independently of all other causes, from bodily injuries effected solely through external, violent and accidental means  *  *  *."

On January 3, 1963, Turner, the insured, wrote the insurer the following letter:

"Jefferson Standard Life Insurance Co. Greensboro, North Carolina

"Gentlemen:

"I am enclosing herewith your Policy No. 211,297 for the face amount of $17,300.00, on which I have been paying an annual premium of $437.50, as I wish to quit paying on this and make this a paid up policy as of January 17, 1963, the date the next premium would be due. On that date I understand the paid up policy will amount to $15,099.00.

"Also, I wish to change the beneficiary on this policy to my Estate, so please send me the proper form to execute to make this change.
"Yours very truly,
P. E. Turner"

In response to that letter the insurer endorsed the policy as a paid-up nonparticipating policy in the face amount of $15,099. Thereafter, no further premiums were paid. The requested change of beneficiary was made with Turner's estate being designated as beneficiary.

On January 26, 1967, Turner, the insured, was killed in an automobile accident. He was 81 years old at the date of his death. Thereupon the appellant, Bank of the Southwest National Association and others, as co-executors of Turner's estate, made claim under the policy. The insurer paid the primary amount of the policy, $15,099, but denied its liability and

refused to pay under the double indemnity provision. The co-executors filed suit to recover the additional amount alleged to be due the estate under the double indemnity provision. The insurer answered and filed its motion for summary judgment which motion was supported by affidavits establishing the facts stated above. The trial court granted the insurer's motion and rendered judgment denying the recovery sought by the co-executors. The co-executors have perfected appeal to this Court.

The insurer denied liability under the double indemnity provision on the ground that three of the four conditions to its liability, as specified in that provision, were not met. It is the insurer's contention that the insured's accidental death did not occur (1) during the premium paying period, (2) before default in premium payment and (3) before a non-forfeiture provision was in effect.

It is the position of the executors of the estate of the insured that the language of the policy, as it relates to the conditions to the insurer's liability under the double indemnity provision, either clearly fixes liability on the insurer or is ambiguous and that such ambiguity should be resolved in favor of liability. They say that "the premium paying period" as provided by the language of the policy continued until the insurer died or reached 85 years of age; that the insured did not default in the premium payment, but, rather, he voluntarily converted his policy into one that was paid in advance; and that the non-forfeiture provision was not "in effect" because there had been no default in the payment of any premium due.

■ The appellants do not cite any authorities specifically supporting their position as to the construction of the policy. They rely upon the well established rule to the effect that ambiguities in an insurance policy, to the extent that the language of the policy reasonably permits, will be construed favorably to the insured or the beneficiary. Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762.

■ The appellants rely upon the equally well established rule to the effect that where the language of the policy is clear and unambiguous it will be construed and enforced in accordance with its plain language even though such construction results in the denial of coverage. American-Amicable Life Ins. Co. v. Lawson, (Tex. Sup.Ct.), 419 S.W.2d 823.

■ Under the facts of this case and the plain language of the policy in question the insurer was not liable under the double indemnity provision because the non-forfeiture provision was in effect at the time of the insured's death. By no terms of the policy except the non-forfeiture provision was the insured permitted to convert his policy into a paid-up non-participating policy. By his letter of January 3, 1963, the insured made the non-forfeiture provision effective and exercised one of the options provided by its terms. It does not matter that the insured expressed the intention to exercise that option before the next premium became due. It does not matter whether his exercise of the option be considered a pre-payment of the premiums payable throughout the premium paying period or a termination of the premium paying period. Nor does it matter whether his non-payment of the January 17, 1963 premium be considered a default or the exercise of a right given him by the policy. The inescapable construction is that the insurer, at the request of the insured, put into effect one of the options of the non-forfeiture provision. The insurer thus was not liable under the double indemnity provision because the insured did not die from an accidental cause "before any non-forfeiture provision is in effect."

The judgment of the trial court is affirmed.

Affirmed.