HOUSTON GENERAL INSURANCE COMPANY, Appellant,

v.

Ralph OWENS and Ralph Owens Trucking Company, Inc., Appellees.

No. 9345.

Court of Appeals of Texas, Amarillo.

May 31, 1983.

Rehearing Denied June 22, 1983.

Gibson, Ochsner & Adkins, Marvin W. Jones, Amarillo, for appellant.

Witherspoon, Aikin & Langley, William A. Marquis, III, and James W. Witherspoon, Hereford, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Houston General Insurance Company (Houston General) brings this appeal from a judgment rendered on stipulations and a jury's verdict, seeking to be absolved of its decreed $19,800 liability to Ralph Owens (Owens) and Ralph Owens Trucking Company, Inc. (the corporation) under the umbrella liability policy Houston General issued to Owens. Owens and the corporation cross-appeal, conditionally seeking a trebling of the $19,800 recovery pursuant to the Texas Consumer Protection-Deceptive Trade Practices Act (DTPA).[1] Concluding that Owens and the corporation waived a finding on an essential element of their cause of action that was not established as a matter of law, we reverse and render.

In 1976, Owens, who had been individually engaged in the trucking business, formed the corporation to engage in the trucking business. None of the trucks owned individually by Owens was transferred to the corporation; instead, as the individually owned trucks were traded for replacements, the replacement trucks were acquired in the corporation's name.

Before and after Owens began his trucking business, his insurance coverage was arranged by Herb Greiner (Greiner) of Greiner-Madison Insurance Agency (Greiner-Madison), a partnership operating an independent insurance agency. Owens said that when he formed the corporation, he contacted Greiner and requested that Greiner have all his insurance policies changed to reflect the named insureds as Ralph Owens and/or Ralph Owens Trucking Company, Inc. At the times material to the

---

1. The Deceptive Trade Practices-Consumer Protection Act is a part of the Texas Business and Commerce Code, Section 17.41 *et seq.* (Vernon Supp. 1982–1983).

litigation, Greiner had effected insurance coverage as follows:

(1) a policy issued by Commercial Standard Insurance Company naming Ralph Owens and/or Ralph Owens Trucking Company, Inc. as the insured on whose behalf the company would pay all sums the insured became legally liable to pay up to $100,000;

(2) a policy issued by Alliance Insurance Company naming Ralph Owens as the insured on whose behalf the company would pay all sums the insured became legally obligated to pay on account of automobile bodily injury liability in excess of $100,000, but limited to $150,000; and

(3) a policy issued by Houston General naming Ralph Owens as the insured on whose behalf the company will pay the sums for which the insured becomes legally obligated to pay arising out of automobile liability in excess of the amounts of the applicable limits of liability of the underlying insurance, but not to exceed the aggregate limit of one million dollars.

The truck tractors and trailers under the coverage of Commercial Standard's and Alliance's policies were listed on endorsements attached to the policies. The Houston General policy did not list the vehicles covered; its endorsement was limited to a description of operations and exclusions for contamination or pollution as a result of those operations.

Greiner-Madison had two contractual relationships with Houston General. One was a general agency relationship. The other was a broker relationship by which no risk or coverage was to be bound by Greiner-Madison without specific written authorization and Houston General would give written confirmation of any risk accepted. The brokerage contract provides that in placing business with Houston General, Greiner-Madison recognizes that it is the agent or representative of the insured only and not the agent of Houston General.

Previous to the issuance of Houston General's current umbrella policy, Greiner telephoned David N. Hogue, an employee of Houston General, explained some difficulty in securing a renewal through an intermediary and discussed Owens' corporate plans. On 11 February 1977, Greiner wrote Hogue, referenced the letter "Re: Ralph Owens ..." and stated, inter alia, that "Regarding the phone conversation of this date, wherein we secured $1,000,000. excess coverage for the captioned.... Please let us have the policy at your convenience." The Houston General policy received by Greiner was authorized by Hogue under date of 4 April 1977, and shows the policy period from 11 February 1977 to 23 January 1978.

In April of 1977, a 1977 Peterbilt truck tractor was purchased in the name of Ralph Owens Trucking Company, Inc. By endorsements, coverage provided by the Commercial Standard and the Alliance policies was extended to the truck.

On 23 June 1977, the truck was involved in an accident in which Vicki Ann Dean was injured. Ms. Dean initiated a lawsuit against the corporation and the driver of the truck in which she sought $1,500,000 damages. Houston General denied liability, contending that its coverage was for Owens and not for the corporation. The lawsuit was settled on 29 November 1978 for $269,800. In settlement, Commercial Standard paid $100,000, Alliance paid $150,000, and the corporation paid $19,800.

Owens and the corporation then brought the suit resulting in this appeal. They sought to recover, under various theories, the $19,800 paid in compromise and settlement of the Dean suit from Houston General or, alternatively, from Greiner-Madison. They also pleaded the right to recover, because of misrepresentations of policy coverage in violation of the DTPA, three times the $19,800 actual damages in the amount of $59,400.

Interposing a general denial, Houston General cross-claimed against Greiner-Madison for all damages Houston General might be assessed. Following a general denial, Greiner-Madison affirmatively pleaded the liability of Houston General under the policy and, by way of a cross-action, sought

contribution or indemnity from Houston General.

By agreement, the parties stipulated, as paraphrased from the court's judgment, that:

1. It was the intention of Greiner-Madison and Owens that the Houston General insurance policy covers the trucking operations of Owens and the corporation; and Greiner and Owens believed that the policy as issued covered the trucking operations of Owens whether conducted in his or the corporation's name.

2. The corporation was not shown as a named insured in the policy on account of mistake of fact between Greiner and Owens.[2]

3. After Houston General knew the corporation was intended to be insured under the policy and knew that the truck involved in the accident was owned by the corporation, it accepted premiums on the policy issued 11 February 1977 for that policy year. And Houston General would have issued the policy naming the corporation as the named insured for the same amount of premium and without objections to the risk if it had been advised to do so.[3]

4. Owens and the corporation are entitled to recover reasonable attorney's fees in the agreed amount of $7,500 in the event they obtain a successful finding entitling them to judgment.

Responding to submitted special issues, the jury answered, by our paraphrasing, that from a preponderance of the evidence it

(1) found that Greiner-Madison was acting as Houston General's agent in procuring and servicing the policy;

(2A) found that Greiner-Madison represented to Owens and the corporation that the truck involved in the Dean accident was covered by the policy;

(2B) failed to find that the representation was false, misleading or deceptive;

(3) failed to find that Greiner-Madison failed to notify Houston General to place the corporation's name on the policy;

(4) found that the settlement between Owens and the corporation and Vicki Ann Dean was fair, just and reasonable;

(5) found that Greiner advised Houston General, through Hogue, that Owens was in the process of changing his business to a corporate operation and that the policy subsequently would be endorsed in the name of the corporation; and

(6) found that $25,000 would reasonably and fairly compensate Owens and the corporation for damages suffered as a result of the transaction.

Other submitted issues were, under the court's instructions, left unanswered by the jury.

Owens and the corporation moved for judgment on the verdict with stipulated attorney's fees and, alternatively, for the court to find a false and deceptive representation attributable to Houston General and render judgment decreeing Houston General's liability for triple damages. Houston General requested the court to disregard the jury's answers to issues 1, 4 and 6 and render a take-nothing judgment.

---

**2.** At this point, the agreement reads: "Regarding each stipulation that has been agreed to here relative to the intent of the parties and mistake, that answer to the question of whether the intent and/or mistake involved in such stipulations is also the intent or mistake of Houston General Insurance Company depends upon whether it is subsequently determined as a fact or a matter of law that these matters are imputed to Houston General Insurance Company. Houston General Insurance Company is not mentioned in these stipulations because answer to the question of whether or not these various matters are imputed to them (sic) will

be determined by other factual findings or as a matter of law and by a determination of whether Houston General Insurance Company may have had actual or implied knowledge of any such matters. No party, by these stipulations, waives any other ground of recovery or defense.

**3.** In fact, on 24 August 1977 after the Dean accident, Houston General endorsed its policy to show the named insured as Owens and/or the corporation without any additional premium charge.

The court, reciting the stipulations and the answers of the jury, and finding Owens' and the corporation's pleadings alleged damages of only $19,800, rendered judgment decreeing that Owens and the corporation recover from Houston General the sum of $19,800, bearing interest at the rate of 9% per annum from 5 December 1980, the date the judgment was signed, and the additional stipulated sum of $7,500 as attorney's fees.[4] The court ordered that no judgment be rendered against Greiner-Madison.

Both Houston General and Owens and the corporation have appealed. Houston General, viewing Owens' and the corporation's suit as "essentially for reformation of the insurance policy in question to reflect the corporation as a named insured and to recover under such policy as reformed," has drafted six points of error by which it presents two contentions. The contentions are: (1) Owens and the corporation failed to evidence and secure a finding on the essential element of their cause of action that they became legally obligated to pay damages within the meaning and coverage of the policy; and (2) there is legal and factual insufficient evidence of a mutual mistake upon which reformation of the policy could be predicated.

Replying, Owens and the corporation submit that they not only prevailed on the ground of reformation discussed by Houston General, but also on the grounds of Houston General's waiver by collection of premium and estoppel to deny coverage because of an immaterial misnomer of the insured on the policy. By a conditional cross-point, Owens and the corporation charge the court with error in failing to treble their actual damages.

To recover on the policy in the face of the general denial interposed by Houston general, Owens and the corporation had to establish, under their pleadings, that (1) the corporation was an insured under the policy, and (2) they became legally obligated to pay the $19,800 because of the Dean accident. We will consider the burdens of proof in that order.

Under its policy coverage, Houston General agreed to

indemnify the *insured* for all sums which the *insured* shall become legally obligated to pay as damages and expenses, all as hereinafter defined as included within the term *ultimate net loss,* by reason of liability,

(a) imposed upon the *insured* by law, . . .

\* \* \* \* \* \*

because of

(i) personal injury caused by, or

(ii) property damage caused by, . . .

\* \* \* \* \* \*

an occurrence which takes place during the policy period anywhere in the world.

The immediate inquiry is: does Houston General's policy coverage "to indemnify the *insured,*" named as Owens, "for all sums which the *insured* shall become legally obligated to pay as damages and expenses," extend to and cover the corporation? Without pausing to address the relative merits of the litigants' contentions concerning the theories of recovery, we find an affirmative answer in the policy provisions applicable to this record.

In the insuring agreements contained in its policy, Houston General chose to define the word "insured" and extend its application as follows:

IV. Definition of Insured: The unqualified word "insured" includes the *named insured* and also

\* \* \* \* \* \*

(f) any other person or organization:

(1) named in the underlying insurance listed in the declarations as of the effective date of this policy.

\* \* \* \* \* \*

The insurance afforded applies separately to each *insured* against whom

---

4. Although not included in the decretal portion of the judgment, the court found that Owens and the corporation are "entitled to prejudgment interest in the amount of . . . $2,428 . . . being . . . 6% . . . interest on $19,800 from November 20, 1978, until December 5, 1980."

claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

It is undisputed that the corporation is named as an insured in the underlying insurance provided by Commercial's policy, a photocopy of which was furnished Houston General before it issued its policy. By definition, then, the term "insured" includes the corporation as an insured under the policy. Consequently, the definition must be given controlling effect, *Ohio Oil Company v. Smith*, 365 S.W.2d 621, 627 (Tex.1963), and the policy must be enforced as made, *America-Amicable Life Insurance Co. v. Lawson*, 419 S.W.2d 823, 826 (Tex.1967), to afford insurance coverage to the corporation.

Given the corporation as an insured and the undisputed applicability of the insurance afforded by the underlying insurance, Houston General's policy operates, under paragraph II of the insuring agreements, to fix its liability as the ultimate net loss resulting from any one occurrence in excess of

> (a) the amounts of the applicable limits of liability of the underlying insurance as stated in the Schedule of Underlying Insurance Policies . . .

The attached schedule of underlying insurance policies provides for an automobile liability limit to each person of $250,000, the limits afforded by, and the amount paid as a result of the Dean accident pursuant to, the underlying policies issued by Commercial and Alliance. Thus, if Houston General is liable to the corporation under the policy coverage, its liability is, under the pleadings and proof in this cause, $19,800, upon showing that the corporation was legally obligated to pay that sum as damages resulting from its truck's involvement in the Dean accident.

Houston General contends that Owens and the corporation failed to establish by proof and findings a legal obligation to pay damages because of the Dean accident. Houston General declares that the fact was not established as a matter of law and that the court failed to submit all of the factual issues in connection with special issue no. 4, to which Houston General objected. To that contention, Owens and the corporation give three answers. First, they say Houston General judicially admitted coverage; second, they propose that a policy provision imposed a duty on them to settle the Dean suit; and third, they submit that since Houston General denied coverage, it waived the right to complain that the settlement entered into was not within the coverage of the policy. We are not persuaded that any of the reasons given serves as a substitute to establish Houston General's liability under the policy.

■ The asserted judicial admission of coverage is premised on the testimony of Houston General's representative, the essence of which is stated in these extracts:

> Q And as far as you were concerned the only reason for denying the coverage was the fact that the name on the policy was Ralph Owens and the name on the title of the truck was Ralph Owens Trucking Company, Inc.?
>
> A Yes, sir.
>
> Q You have no other reason for denying the coverage?
>
> A That's right.
>
> \* \* \* \* \* \*
>
> Q You simply say you insured a man and a corporate truck had a wreck and for that reason you deny the coverage?
>
> A Yes, sir.
>
> Q And, that is your only and sole reason for doing it?
>
> A Yes, sir.

It is the argument of Owens and the corporation that by this testimony, Houston General limited the contested issues to the name of the insured and, thereby, removed from contention any other issues upon which they had the burden of proof. Therefore, they conclude, by showing the corporation was an insured under the policy, they are entitled to recover under the judgment.

The novel argument overlooks the difference between coverage and liability specified in the policy. As manifested from our

previous discussion of the policy provisions, coverage is given the precise meaning of the risks which are protected by the policy, and liability denotes the dollar amounts of indemnity provided for the risks. Hence, the testimony conveys no more than a denial by Houston General that it afforded the corporation protection against the risks. As such, the testimony is not contrary to Houston General's denial of the second element of Owens' and the corporation's cause of action so as to constitute a judicial admission that Owens and the corporation became legally obligated to pay the $19,800 in settlement of the Dean suit. *See Griffin v. Superior Insurance Company,* 161 Tex. 195, 338 S.W.2d 415, 419 (1960).

■ With respect to the proposals that a policy provision imposed a duty upon Owens and the corporation to settle the suit, that provision has no application under the facts of this cause. The duty is referenced to such suits "against the *insured* which no underlying insurer is obligated to defend." There is no proof that an underlying insurer was not obligated to defend the Dean suit; indeed, the proof is that each underlying insurer paid the full liability limits of its policy.

■ Owens and the corporation are in no position to invoke a waiver of Houston General's right to complain that the settlement entered into was not within the coverage of the policy. We do not find, and Owens and the corporation do not suggest, any pleadings by them alleging waiver by Houston General to this effect. Waiver is a matter that must be affirmatively pleaded, Rule 94, Texas Rules of Civil Procedure, and, absent the affirmative pleading, Owens and the corporation cannot rely upon waiver to support the judgment rendered. *Womack v. Allstate Insurance Company,* 156 Tex. 467, 296 S.W.2d 233, 237 (1956).

■ Thus, within the framework of the record, Owens and the corporation were required to show Houston General's liability by establishing that they became legally obligated to pay the $19,800 because of the Dean accident. *Travelers Indemnity Co. v. Equipment Rental Co.,* 345 S.W.2d 831, 834 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.). Owens, the only witness giving testimony bearing on the legal obligation, was an interested party. He had no personal knowledge of the accident; but, from hearing about it from others, viewing the truck, and observing Ms. Dean, he was of the opinion that the corporation had potential liability for Ms. Dean's injuries, and that the compromise settlement agreement entered into was fair and reasonable. However, the agreement itself, when admitted into evidence, contained the corporation's denial of Ms. Dean's suit allegations of the corporation's liability, and expressed that the corporation is not, and the agreement shall not be construed as, admitting liability of any sort.

It follows, then, that the evidence did not conclusively establish the corporation's legal obligation to pay the $19,800 because of the Dean accident; it merely raised the fact issue, requiring Owens and the corporation to secure favorable jury findings. Yet, the court only partially submitted the ground of recovery by submitting special issue no. 4, even though Houston General objected to the omission from the charge of the other component elements for recovery. The result is that deemed findings by the court on the unsubmitted issues are precluded, and Owens and the corporation waived findings on the unsubmitted issues controlling their recovery. *Dittberner v. Bell,* 558 S.W.2d 527, 534 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

Accordingly, Houston General's second point of error, which is central to its contention that the court erred in rendering judgment because Owens and the corporation failed to establish its cause of action, is sustained. As cast, the other points of error are overruled. Since Owens' and the corporation's cross-point is to be determined only if the corporation is not an insured under the policy, the cross-point is not reached.

The judgment of the trial court is reversed, and judgment is here rendered that Ralph Owens and Ralph Owens Trucking

Company, Inc. take nothing by their action against Houston General Insurance Company.