**KITTYHAWK LANDING APARTMENTS III and Wildwood Construction Company, Inc., Appellants,**

**v.**

**ANGLIN CONSTRUCTION COMPANY, Appellee.**

No. B14–86–500–CV.

Court of Appeals of Texas, Houston (14 Dist.).

Aug. 20, 1987.

Rehearing Denied Oct. 1, 1987.

Paul S. Francis, Jay I. Cohen, Houston, for appellants.

Brian E. Bro, Timothy R. Ploch, Houston, Keith C. Livesay, McAllen, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Kittyhawk Landing Apartments III (Kittyhawk) and Wildwood Construction Company, Inc., (Wildwood) appeal a joint and several judgment for $32,914.70, plus prejudgment interest and attorney's fees, in favor of Anglin Construction Company, Inc. (Anglin). The judgment includes a decree that Anglin hold a constitutional lien for labor and materials against property involved in the suit and an order that Anglin shall have judicial foreclosure on that lien. A supersedeas bond has been filed by appellants.

The suit arises out of a construction project in which Wildwood, as the general contractor, contracted with Anglin to do site preparation work in constructing Kittyhawk Landing Apartments III, a 268–unit complex, for a "total contract amount" of $36,000. In the section labeled "scope of work" the contract stated:

The work to be performed by this Sub-Contractor under this contract shall include, but not be limited to: Cut all streets and parking areas to Plus-or-Minus 10th. Construct Building Pads in 6″ lifts to plus-or-minus 10th and compacting to 95% proctor. Haul in and place 6000 cu. yards of fill. Any and all large vegetation will be removed from site. The rest of the stripping will be stock piled in areas selected by the general contractor to be used by others for landscaping later.

The contract was signed by Herbert J. Zieben as president of Wildwood, and Bill Knollenberg for Anglin. Kittyhawk Landing Apartments III is a Texas general partnership comprised of Herbert J. Zieben and Mary Lou Zieben. Shortly after the project began, Barry Kern became the project supervisor for Wildwood.

After Anglin spread 6,000 cubic yards of fill, the site was still too low. A conversation between Knollenberg, Zieben and Kern took place. After the conversation Anglin continued to provide more fill for a total of approximately 15,000 cubic yards, and do certain other jobs that were not expressly set out in the project. Anglin submitted invoices for the additional dirt. The invoices were approved by Barry Kern and some were paid by Wildwood's accountant even after the $36,000 contract price was exceeded. A total of $93,434.20 had been invoiced by Anglin of which $57,911 was paid. Knollenberg attempted to collect for invoic-

es that were not paid, and eventually filed suit. At trial Knollenberg recognized some mistakes in his billing and sought and recovered $32,914.70.

One difficulty in this appeal stems from the fact that it was pleaded and tried as a suit on written and oral contracts, with *quantum meruit* as an alternative theory of recovery against Kittyhawk, but the jury was submitted only damages issues with instructions limited to the law of *quantum meruit.*

In their first point of error appellants contend that the trial court erred in entering judgment on appellee's *quantum meruit* claim because a written contract between Wildwood and Anglin governed the subject matter of the work performed.[1]

■ The right to recover in *quantum meruit* does not grow out of contract, but is based upon the promises implied by law to pay for beneficial services rendered and knowingly accepted. *Davidson v. Clearman,* 391 S.W.2d 48, 50 (Tex.1965).

The existence of an express contract does not preclude recovery in *quantum meruit* for the reasonable value of services and materials not covered by a contract. *Black Lake Pipe Line Co. v. Union Construction Co.,* 538 S.W.2d 80, 86 (Tex. 1976).

The central issue is whether providing the "extra" 9,000 cubic yards of fill was required in the contract. If providing the fill was part of the contract, then appellee must look to the contract for compensation. *Id.* "In determining whether the work was required by the contracts we must determine (1) whether the work was extra and (2) whether the contracts made provision for the type of extra work performed."

*Id.; Wood v. Texas Farmers Insurance Co.,* 593 S.W.2d 777, 781 (Tex.Civ.App.— Corpus Christi 1979, no writ); *General Homes, Inc. v. Denison,* 625 S.W.2d 794 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

The contract is composed of twenty-five pages of General Conditions of the Contract for Construction (AIA Document A201 1976), five pages of particular terms dealing with the relationship between the contractor Wildwood and the sub-contractor Anglin, and an addendum giving specifications for compacting fill. The description of the work quoted above is found in the five-page segment. Paragraph 5 of this second segment states:

> The Contractor shall be liable to pay in accordance herewith only for work and materials furnished by the Sub-Contractor at the direction of the Contractor pursuant to the terms hereof; and the Sub-Contractor shall not be entitled to payment or damages in connection with any work not done or material not furnished though included herein; the Contractor may order changes in the work, the contract sum being increased or decreased accordingly. All orders and adjustments for any extra work of any kind must be in writing and signed by the Contractor. Sub-Contractor shall have no claim for extra work unless an order in writing is secured from the Contractor, signed by their authorized agent prior to commencement of the work for which such extra charge is claimed, setting forth the exact cost or basis of cost to be allowed for extra work. Any unit price or prices which may be stipulated herein shall govern in determining the

---

1. Because Wildwood was Kittyhawk's independent contractor, the existence of a valid contract between Wildwood and Anglin covering the work and materials for which payment was sought in this suit not only precludes judgment based on *quantum meruit* against Wildwood but also precludes judgment against Kittyhawk on the same theory. It does not matter that Kittyhawk was not a party to the contract as long as Wildwood was an independent contractor. *See Woodard v. Southwest States, Inc.,* 384 S.W.2d 674 (Tex.1964). Anglin emphasizes in its briefs that Zieben owned and controlled both Wild-

wood and Kittyhawk and points to testimony that some accounting employees worked for both entities as well as for Zieben Interests. However, there is no allegation in appellee's petition that Wildwood was not an independent contractor or that the companies owned by Zieben are alter egos of each other. *See also Berger Engineering Co. v. Village Casuals, Inc.,* 576 S.W.2d 649 (Tex.Civ.App.—Beaumont 1978, no writ); *Crockett v. Brady,* 455 S.W.2d 807 (Tex. Civ.App.—Austin 1970, no writ); *Crockett v. Sampson,* 439 S.W.2d 355 (Tex.Civ.App.—Austin 1969, no writ).

value of such additions, substitutions and/or omissions to which said units apply. In case of disagreement as to the adjustment of the contract price, the Sub-Contractor shall proceed with the work pending the determination of such amount.

Appellee contends that the written contract is for *work* of cutting streets and parking areas and constructing building pads and *material* amounting to 6,000 cubic yards of fill. Therefore, the extra 9,000 cubic yards were materials provided outside the contract. Appellee reads paragraph 5 as requiring written orders for extra *work*, not extra *materials*. Thus, under appellee's construction of the contract, his claim for payment for the 9,000 "extra" yards of fill can be based on *quantum meruit*.

■ We cannot accept appellee's construction of the contract. Reading the contract as a whole, it is clear that the "work" to be provided by appellee included fill. Under article one of the general conditions portion of the contract is this definition: "The Work comprises the completed construction required by the Contract Documents and includes all labor necessary to produce such construction, and all materials and equipment incorporated or to be incorporated in such construction." Even if we were to read the 6,000–cubic-yard figure as a definite amount rather than an estimate, providing fill clearly falls under the general term "work" as used in the contract, and the additional 9,000 cubic yards provided amounted to "extra work" as the term is used in paragraph 5. The contract made provision for the type of extra work performed, and thus appellee must look to the contract for compensation. *Black Lake*, 538 S.W.2d at 86. *Quantum meruit* is not available. Point of error one is sustained.

■ We must now determine if the judgment can be supported under any other theory applicable to the case. *See Guaranty County Mutual Insurance Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex.1986). Appellee pled that appellants orally contracted to pay it for the additional 9,000 cubic yards of dirt, and it appears from our reading of the record, the case was tried on that theory up until the time the charge was submitted to the jury. However, we find that we cannot affirm the judgment based on any contract theory because appellee waived that cause of action when it failed to submit either issues or instructions on its contract claims. "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived." Tex.R.Civ.P. 279. The only issues given or requested by appellee (except for issues on attorney's fees) simply asked the jury what sum of money, if any, was owed by (1) Wildwood to Anglin, (2) Kittyhawk to Anglin, and (3) Anglin to Wildwood. The only instruction accompanying the issues was a definition of *quantum meruit*.

Appellee argues that the damages issues provides one element of a contract cause of action against each defendant so that this court can deem all other elements to have been found to support the judgment. Tex.R.Civ.P. 279. However, the damages issues were not *necessarily referable* to a ground of recovery in contract, as is required in Rule 279. *Cf. Wells v. Burns*, 480 S.W.2d 31, 34 (Tex.Civ.App.—El Paso 1972, no writ); *Ackerman v. Pride of West Lodge No. 12*, 217 S.W.2d 55, 59 (Tex.Civ. App.—El Paso 1948, no writ). A damages issue presented with an instruction defining *quantum meruit* cannot be considered one element of appellee's contract causes of action.

Appellee also argues that Rule 279 is inapplicable because it applies only when the court submits a case upon special issues, and this case was submitted upon a general charge. "In a general charge the court outlines to the jury the principles of law applicable to the case and suggests the various distinct complexes of fact which, if found by the jury, will justify a verdict for one or the other of the parties." 3 R. McDonald, *Texas Civil Practice in District and County Courts* § 12.39 (rev.1983). The charge before us in no way fits this description. Also, a court may submit a general charge only by agreement of the

parties. Tex.R.Civ.P. 277. No such agreement is apparent. We hold that the error submitted in point one is reversible error.

Our next task is to determine whether to remand or to render judgment that appellee take nothing. An appellate court may, in the interest of justice, remand for a new trial a case that was not fully developed or was tried on a wrong theory. Appellee tried this case on the correct theories of oral and written contract, and evidence was fully developed on those theories. Its only failure came in failing to submit to the jury *any* issues on those theories. The judgment cannot be based upon the alternative theory of *quantum meruit.* Rule 279 states clearly that appellee has waived recovery on contract. The judgment must be reversed and rendered in favor of appellants because appellee has failed to meet the burden of proof placed upon it by the law. *Cameron County v. Velasquez,* 668 S.W.2d 776 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. e.); *Houston General Insurance Co. v. Owens,* 653 S.W.2d 93, 99 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *Continental Oil Co. v. Simpson,* 604 S.W.2d 530, 536 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

Our holding renders moot all other points of error.

The judgment is reversed and we render judgment that appellee take nothing.