**Affirmed and Majority and Concurring Opinions filed December 10, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00052-CV

---

### SUMMIT GLOBAL CONTRACTORS, INC., Appellant

### V.

### ENBRIDGE ENERGY, LIMITED PARTNERSHIP AND ENBRIDGE GATHERING (NORTH TEXAS) L.P., Appellees

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2013-69313**

---

## CONCURRING OPINION

Using parentheticals to define terms is a common practice in legal writing. Some writers define terms by using a singular noun as a shorthand reference for multiple parties. This case illustrates the peril in that practice and how it can lead advocates and courts into error.

Today's example arises in the context of a quantum-meruit claim. The equitable doctrine of quantum meruit steps in to imply a promise to pay a

reasonable amount for goods furnished or services rendered and knowingly accepted when an express contract does not cover the goods or services.[1] The trial court concluded that appellant Summit Global Contractors, Inc. could not prevail on a quantum-meruit claim against appellees Enbridge Energy, Limited Partnership and Enbridge Gathering (North Texas) L.P. because these two Enbridge entities had express agreements with Summit covering the work for which Summit sought quantum-meruit relief.

If Enbridge Gathering is not a party to Enbridge Energy's contracts with Summit, none of these contracts can bar a quantum-meruit claim by Summit against Enbridge Gathering.[2] The evidence shows conclusively that Enbridge Gathering is not a party to these contracts. Yet, in the trial court, all parties took the opposite position. Summit and the Enbridge entities alleged that Enbridge Gathering was a party to the contracts, and the trial court made that fact finding. The trial court's decision to hold that Summit could not recover in quantum meruit against Enbridge Gathering turned on the false premise that Summit and Enbridge Gathering had an express contract that covered the subject matter of Summit's quantum-meruit claim. That faulty premise — and the trial court's flawed finding — likely stem from one poorly defined term.

In their trial-court writings, the parties and the trial court all defined the two Enbridge entities — Enbridge Energy and Enbridge Gathering — in the singular, using the term "Enbridge" to refer to both entities collectively. Enbridge Energy and Enbridge Gathering continue to do the same on appeal, using that defined term throughout their appellate briefing. Though Summit used that defined term

---

[1] *See Hill v. Shamoun & Norman, LLP*, , 732–33, 737 (Tex. 2018).

[2] *See Kittyhawk Landing Apartments III v. Anglin Const. Co.*, 737 S.W.2d 90, 92, n.1 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

throughout its trial-court writings, Summit does not use that defined term in its appellate briefing. Nor does Summit attack the trial court's quantum-meruit ruling as to Enbridge Gathering.[3] Perhaps Summit figured out that defining "Enbridge" to mean both Enbridge entities made factual statements in the trial-court writings untrue, and so abandoned that practice on appeal.

The practice of using a singular noun as a shorthand reference for multiple parties can confuse readers (and even writers), as it did in this case. When a writer uses a defined term in the singular to refer to more than one party, the writer naturally uses singular pronouns instead of plural pronouns to refer to the parties falling within the defined term. (Otherwise, the prose would be grammatically flawed.) The trial-court writings and the two Enbridge entities' briefing on appeal exemplify the problem. What should be "they" in reference to two entities (Enbridge Energy and Enbridge Gathering) becomes "it" due to the defined term "Enbridge" appearing to be a single entity.[4] The singular pronoun serves as a grammatically correct substitute for the singular noun to which it refers, but the singular pronoun is a substantively inapt proxy for two or more parties. The use of the singular in the defined term and in the corresponding pronouns that follow often lulls the reader (and perhaps the writer) into unwittingly embracing the false premise that two or more parties are one.

The practice poses a real danger in legal writing because it almost always leads to factual inaccuracies. That's what happened here. The parties' decision to define Enbridge Energy and Enbridge Gathering together as "Enbridge" in their

---

[3] On appeal, Summit does not brief any argument challenging the trial court's judgment that Summit take nothing on Summit's quantum-meruit claim against Enbridge Gathering. *See Wagley v. Neighborhood Ins. Specialists*, No. 14-16-00859-CV, 2018 WL 2139196, at *6 (Tex. App.—Houston [14th Dist.] May 10, 2018, no pet.) (mem. op.).

[4] A better option would be to use "Enbridge Parties" to refer to the two Enbridge entities, so that the pronouns would match the defined term.

trial-court writings — and the trial court's decision to do the same — make key factual statements in both the parties' trial-court writings and in the trial court's judgment incorrect. For example:

- Enbridge Gathering did not issue the two purchase orders at the center of this case, as the parties and the trial court state. The record shows that Enbridge Energy alone entered into two purchase-order agreements with Summit.

- Contrary to statements in the trial-court writings, the purchase orders impose no obligations on Enbridge Gathering. The purchase orders do not require Enbridge Gathering to do anything.

- Despite the recitations in the trial-court writings, Enbridge Gathering is not a party to either of the two purchase-order agreements.

Because the misstated facts go to the heart of the trial court's quantum-meruit analysis, the trial court's reliance on them led the trial court to find that Enbridge Gathering was a party to the contracts — an erroneous conclusion in the quantum-meruit analysis and the point at which the defect in writing produced a defect of substance.

The only contracts at issue in this case are the purchase orders. The purchase orders identify a single buyer: Enbridge Energy. Enbridge Gathering's name does not appear on the purchase orders, and both purchase orders expressly provide that the "Buyer" or "Purchaser" is the Enbridge entity identified on the face of the purchase order. Each purchase order identifies on its face only Enbridge Energy, not Enbridge Gathering. Nothing on the face of the purchase orders suggests any intent to make any Enbridge entity other than Enbridge Energy a party to the agreements.[5]

---

[5] The majority states that the "letterhead on the purchase orders" identified only "Enbridge" and suggests there might be some ambiguity because of it. The purchase orders contain no "letterhead." To the extent the majority is using that term to refer to the Enbridge logo imprint on the purchase orders, the only Enbridge entity identified on the face of the purchase orders is

By defining the two Enbridge entities as "Enbridge" and treating them as a single entity in their trial-court writings, the parties and the trial court erroneously stated that Enbridge Gathering was a party to the purchase-order agreements. Relying on that false premise, the trial court erroneously concluded that those contracts bar Summit's quantum-meruit claim against Enbridge Gathering.[6]

The two Enbridge entities reduced to the singular "Enbridge" are separate parties. They have separate names. They enjoy separate legal status. The law does not view them as a single entity, and they should not be treated as one.

As Daniel Webster famously observed, "The power of clear statement is the great power at the bar."[7] As stewards of that power, all of us, lawyers and judges alike, should aim to write with clarity and precision. One step in that journey is to end the pervasive and risky practice of using a non-plural term as a shorthand reference for multiple parties. As a legal-writing tool, that practice fails. It makes text unclear, imprecise, and inaccurate. Worse, it leads advocates to misstate facts and courts to reach wrong answers. Today's case proves the point.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot ( Bourliot, J., majority).

---

Enbridge Energy. The presence of the Enbridge logo does not create an ambiguity. Under the express terms of the purchase-order agreements, Enbridge Energy is the only Enbridge entity that is a party to those contracts.

[6] *See Knebel v. Capital Nat. Bank in Austin*, 518 S.W.2d 795, 800 (Tex. 1974).

[7] John R. Vile, *Great American Lawyers: An Encyclopedia*, *Volume 1* 159 (2001).