### In re AMERICAN ECONOMY INSURANCE COMPANY.

#### No. 09–06–321 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Aug. 10, 2006.

Delivered Sept. 14, 2006.

---

Beth D. Bradley, Scott M. Elliott, Tollefson Bradley Ball & Mitchell, LLP, Dallas, for relator.

Jon B. Burmeister, Daniel C. Ducote, Jr., Moore Landrey, LLP, Michael A. Havard, Provost Umphrey Law Firm, LLP, Beaumont, Richard P. Hogan, Jr., Jennifer Bruch Hogan, Vincent E. Morgan, Pillsbury Winthrop Shaw Pittman LLP, Houston, Daniel B. Linebaugh, The Linebaugh Law Firm, PC, Baytown, real parties in interest.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

PER CURIAM.

Relator American Economy Insurance Company seeks a writ of mandamus compelling the trial court to vacate its order denying relator's motion to sever. We conditionally grant mandamus relief.

### Background

Daniel Lynn Thompson sued Woodlands Financial Services, Inc., Usher's Auto Sales, Inc., Richard Usher, Jesse E. Usher, and Charles D. Ferris for personal injuries Thompson allegedly sustained during repossession of his truck. Woodlands Financial Services joined its

liability insurance carrier, American Economy Insurance Company, as a third-party defendant. Woodlands filed a motion to transfer venue, motion to dismiss, and motion to sever.[1] (1) After conducting a hearing, the trial judge denied the motion to sever, but stated that he would allow Woodlands to reurge its motion after completion of discovery. The trial court's order denying the motion states as follows:

> The Court, after considering the briefs and arguments of counsel, is of the opinion that to optimize judicial economy, discovery should be conducted jointly at the present time. After discovery is completed, the Court will revisit Third–Party Defendant's Motion to Sever. However, at the present time, the Motion to Sever is DENIED. It is therefore,
>
> ORDERED, ADJUDGED and DECREED that Third–Party Defendant's Motion for Severance is at this time DENIED, and that the Court will revisit said Motion once discovery is completed.

Relator then filed this petition for writ of mandamus, in which it asserts the trial court abused its discretion by denying the motion to sever.

### Standard of Review

■ An appellate court may issue a writ of mandamus when the trial court has clearly abused its discretion and the relator lacks an adequate remedy on appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.

1985). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

### Analysis

■ Rule 38(c) of the Texas Rules of Civil Procedure provides that a liability insurer may not be joined as a third-party defendant in a tort case "unless such company is by statute or contract liable to the person injured or damaged." Tex.R. Civ. P. 38(c). Rule 51(b) of the Texas Rules of Civil Procedure provides as follows:

> Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged.

Tex.R. Civ. P. 51(b). Real parties in interest argue that the trial court did not abuse its discretion because its order specifically stated that American Economy was joined only for purposes of discovery and that the court would revisit the severance issue upon completion of discovery. However, Rules 38(c) and 51(b) are not limited to protecting insurers against being brought to trial. See Tex.R. Civ. P. 38(c), 51(b).

---

1. Although relator's petition requests that we compel the trial court to transfer the case to another county, relator only briefed issues pertaining to the denial of its motion to sever. See Tex.R.App. P. 52.3(f), (h). Furthermore, relator concedes the trial court has not yet issued an order on its motion to transfer venue. Therefore, in this proceeding, we only consider the trial court's denial of the motion to sever.

Rather, the rules clearly prohibit the joinder of an insurer as a third-party defendant unless the insurer is directly liable to the plaintiff in the underlying case. See Tex.R. Civ. P. 38(c), 51(b). Therefore, the trial court abused its discretion by denying American Economy's motion to sever, and relator lacks an adequate remedy by appeal. See generally *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004) ("Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.").

The petition for writ of mandamus is conditionally granted. The writ will issue only if the trial court does not vacate its order in accordance with this opinion.

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED.