Opinion issued November 8, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00552-CV

————————————

## IN RE ESSEX INSURANCE COMPANY AND HECTOR ALDANA, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### O P I N I O N

This original proceeding arises from an insurer's request for a severance from a personal injury action. The insurer was joined as a third-party defendant after it denied insurance liability coverage to a defendant in the case for the plaintiff's personal injury claims. The defendant sued the insurer, seeking a defense and coverage for its liability for the personal injury claims asserted against it. The defendant also sought extra-contractual damages.

The trial court denied the insurer's motion to sever. The court determined that it could remedy any prejudice with a bifurcated trial, in which the personal injury claims against the defendant would be tried first, followed by a trial of the defendant's claims against the insurer for breach of the insurance agreement and extra-contractual claims. The insurer seeks mandamus relief, challenging the trial court's denial of its motion to sever. Because joinder of the insurer as a third-party defendant in the liability action was improper under the Texas Rules of Civil Procedure, severance was required. We therefore conditionally grant the petition.

**Background**

Israel Lopez sued Murphy Industrial, Inc. d/b/a Interstate Industrial Services, alleging that he was injured due to Murphy's negligence, gross negligence, and premises liability. Lopez sustained injuries during his employment as a temporary worker at Murphy's facility. Lopez alleged that a pressurized paint gun that he was using malfunctioned; the gun shot epoxy into one of his fingers, later requiring amputation of that finger. Lopez later alleged that he was an invitee or, alternatively, a trespasser, for purposes of his premises liability claim.

After it was sued, Murphy filed a third-party petition against its insurer, Essex Insurance Company, and Essex's adjuster, Hector Aldana (collectively, "Essex"), alleging that Lopez's premises liability claims triggered Murphy's coverage for defense and indemnity under Murphy's commercial general liability policy. Murphy

2

further alleged that Essex had wrongfully denied coverage under the policy. Murphy sought (1) declaratory relief that Essex is obligated to defend and indemnify it from the Israel's claims, (2) damages for breach of the insurance contract, (3) unfair settlement practices under Section 541.060 of the Texas Insurance Code, (4) failure to promptly pay the claim under Chapter 542 of the Texas Insurance Code, and (5) breach of the duty of good faith and fair dealing.

Essex answered and moved to sever, requesting that Murphy's claims against it be severed from the personal injury suit. Murphy and Lopez opposed the motion to sever, arguing that any prejudice could be resolved by instead bifurcating the trial into (1) a first phase for Lopez's tort claims against Murphy in which insurance would not be admissible; and (2) a second phase for Murphy's insurance claims against Essex. Essex filed a reply, arguing that (1) Essex would still have to prepare a defense to a claim that may be rendered moot if Murphy had no coverage for the claim and was not entitled to a defense; and (2) using the same jury that determined that Murphy was liable for Lopez's injuries and entitled to compensation would prejudice its determination whether Essex was liable to pay that compensation.

The trial court denied severance but granted separate trials. Essex filed this petition for writ of mandamus challenging the order. We granted a stay of the underlying proceedings.

3

**Discussion**

## I. Standard of Review

We grant mandamus relief to correct an abuse of discretion or violation of a duty imposed by law when no adequate remedy by appeal exists. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Because a trial court has no discretion in determining what the law is, a trial court abuses its discretion if it fails to apply the law correctly. *See id*. at 840. In that event, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840). "In determining whether appeal is an adequate remedy, [we] consider whether the benefits outweigh the detriments of mandamus review." *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). We also consider "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)).

## II. Analysis

The Texas Rules of Civil Procedure provide two trial procedures to avoid expense or prejudice resulting from conflicting claims being tried together—

4

severance and separate trials. *See* TEX. R. CIV. P. 41 ("actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties"), 174(b) ("The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."). Severance divides the lawsuit into separate and independent causes, while an order for separate trials leaves the lawsuit intact but results in one trial with separate parts. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970); *In re Reynolds*, 369 S.W.3d 638, 654 (Tex. App.—Tyler 2012, orig. proceeding).

Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.*, 470 S.W.3d 131, 140 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Thus, in determining whether the trial court erred in denying severance, we address whether the claims were properly severable and, if so, whether the circumstances of the case required the trial court to grant severance. *See In re Ben*

*E. Keith Co., Inc.*, 198 S.W.3d 844, 850 (Tex. App.—Fort Worth 2006, orig. proceeding).

### A. The rules of civil procedure preclude suits for insurance coverage to be joined in the same suit as the underlying third-party liability claim.

Essex was joined as a third-party defendant in the underlying liability case that gives rise to the claims against Essex. But Rule 38 of the Texas Rules of Civil Procedure, governing third-party practice, provides that a liability insurer may not be joined as a third-party defendant in a tort case "unless such company is by statute or contract liable to the person injured or damaged." TEX. R. CIV. P. 38(c). Similarly, Rule 51 of the Texas Rules of Civil Procedure, governing joinder of claims and remedies, provides in part:

> . . . two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged.

TEX. R. CIV. P. 51(b). Both longstanding rules reflect the settled law in Texas that an insurer cannot be joined in an action in which it is not directly liable to the injured plaintiff. *See Bluth v. Neeson*, 127 Tex. 462, 465, 94 S.W.2d 407, 408 (1936) (holding that under "settled law of this state," joinder of defendant's casualty insurer in car accident suit was improper). In Texas, the general rule is that an injured party may not sue the tortfeasor's insurer directly, unless the tortfeasor's liability has been

finally determined. *In re Essex Ins. Co.*, 450 S.W.3d 524, 525 (Tex. 2014) (per curiam) (quoting *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam)); *State Farm Cnty. Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam) ("However, [the plaintiff] cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party."). Thus, a suit brought by a third-party directly against an insurer before liability has been determined is subject to abatement or dismissal until liability is determined. *See Essex*, 450 S.W.3d at 526–28.

The parties do not dispute that Essex is not directly liable to Lopez by statute or contract. Because Essex was not directly liable to Lopez, Rule 38(c) and 51(b) prohibited Murphy from joining Essex in the underlying case.

Our sister court's decision in *In American Economy Insurance Company* is instructive. *See In re Am. Econ. Ins. Co.*, 202 S.W.3d 361 (Tex. App.—Beaumont 2006, orig. proceeding). In *American Economy*, one of the defendants in a personal injury action filed a third-party petition against its liability insurer. *Id.* at 362-63. The insurer moved to sever. *Id.* The trial court denied the motion, observing that joint discovery would promote judicial economy and that it would revisit the severance issue after discovery was completed. *Id.* at 363. In granting mandamus relief, the Beaumont Court of Appeals held that the trial court abused its discretion in denying

7

severance because Texas Rules of Civil Procedure 38(c) and 51(b) "clearly prohibit the joinder of an insurer as a third-party defendant unless the insurer is directly liable to the plaintiff in the underlying case." *Id*. at 364.

Murphy and Lopez argue that Lopez's premises liability allegations, and the facts developed in proving those allegations relating to his employment status, are inextricably linked to Essex's insurance coverage defenses. They note that Essex asserts that an endorsement in the Essex policy issued destroys coverage if Lopez is a "contractor, self-employed contractor, and/or subcontractor you hire to perform work on your behalf, or any of their employees or workers, whether leased, contracted, temporary or volunteer." They further note that the same medical records and expert testimony used to support Lopez's damages will form part of the basis of Murphy's claim for indemnity. But the general rules that allow for joinder of parties and claims in the case of overlapping elements do not apply because those same rules expressly prohibit joinder of an insurance carrier in these circumstances, namely: a tort case, in which the insurer (Essex) is not directly liable to the person injured or damaged (Lopez). *See* TEX. R. CIV. P. 51(b) ("This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged.").

Lopez and Murphy observe that the trial court in this case ordered separate trials, whereas the trial court in *American Economy* did not. Given that Rules 38 and 51 prohibit the joinder that they seek, however, the denial of the severance is not ameliorated by the trial court's order of separate trials. The facts in *American Economy* and in this case stand in contrast to cases in which the parties dispute severance versus separate trials for insurance coverage claims and related extra-contractual claims, housed together in a direct action against an insurer by the insured. It is in the latter cases that the Texas Supreme Court has determined that a combination of factors may demonstrate whether separate trials or severance is necessary. *See Akin,* 927 S.W.2d at 629 (noting several factors for determining when severance from contract claims required for extra-contractual claims against insurer).

Because Essex's joinder in the case was prohibited by Texas Rules of Civil Procedure 38(c) and 51(b), we hold that the trial court erred in denying severance of the claims against Essex from the underlying personal injury liability action.

## B. The relators lack an adequate remedy by appeal.

Because Texas Rules of Civil Procedure 38(c) and 51(b) prohibited Essex from being joined in the underlying case, Essex has demonstrated that its joinder was improper. Absent mandamus relief, Essex would be required to participate in discovery and monitor a separate liability trial in the face of the prospect that Murphy

9

may not prevail on its suit for coverage and a defense, and with the prejudice that could result from having the same jury that determines Murphy's liability also determine Murphy's insurance coverage for that liability. The ultimate outcome of the separate trials would be subject to challenge based on improper joinder at the outset. Accordingly, we conclude that the benefits of mandamus review in this case outweigh its detriments and Essex lacks an adequate remedy by appeal. *See Am. Econ.*, 202 S.W.3d at 364 (insurer improperly joined as third-party defendant lacked adequate remedy by appeal from denial of severance).

## Conclusion

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order denying Essex's motion for severance and to grant the motion to sever the relators into a separate cause. We are confident that the trial court will promptly comply; our writ will issue only if it does not. We lift the stay of proceedings. We deny any other pending motions as moot.


Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

10