

# NUMBER 13-20-00156-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**TATIYANA GENEVA ALTECOR,**                                    **Appellant,**

**v.**

**UNITED PROPERTY AND CASUALTY**
**INSURANCE COMPANY,**                                    **Appellee.**

---

## On appeal from the 370th District Court
## of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Justice Silva**

By two issues, appellant Tatiyana Geneva Altecor appeals the trial court's denial of her emergency motion to stop or reverse a settlement payment from appellee United Property and Casualty Insurance Company (UPC) to a third party. We affirm.

# I. BACKGROUND

On July 5, 2017, Allen Michael Egan filed his original petition against Altecor for malicious prosecution, defamation, and intentional infliction of emotional distress, asserting she falsely accused him of a crime.[1] According to his petition, Egan was arrested and subsequently indicted for aggravated sexual assault of Altecor's daughter, who was less than six years old at the time of the alleged offense. TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (f). Egan alleged that, "[d]uring their interview with the child, the prosecutors determined that the child had been coached by [Altecor] to make the allegations against [him]." The criminal case against Egan was dismissed on May 17, 2017.

During a deposition, Altecor noted that she had a homeowner's insurance policy through UPC with $500,000 of personal liability coverage. Altecor thereafter tendered the suit to UPC for defense and coverage. UPC initially asserted that her policy did not cover intentional acts such as those alleged by Egan but advised Altecor that it would provide a defense at UPC's expense, even if the suit is groundless, false, or fraudulent. Egan amended his petition to include a negligence claim against Altecor and made a subsequent settlement demand upon UPC. Although UPC originally refused to settle the claim, it ultimately agreed to settle for an undisclosed amount on Altecor's behalf. As part of the settlement, Egan agreed to nonsuit all claims against Altecor with prejudice. On January 7, 2019, after learning of the settlement between Egan and UPC, Altecor filed a

---

[1] Egan and Altecor were previously married but were divorced at the time the allegations arose. Egan ultimately nonsuited with prejudice all claims against Altecor on January 17, 2019, pursuant to an out-of-court settlement and is not a party to this appeal.

cross-petition against UPC asserting claims for violation of the Texas Deceptive Trade Practices Act, breach of contract, civil conspiracy, and fraud in the inducement.[2]

On January 9, 2019, Altecor filed an "Emergency Motion to Stop and/or Reverse Settlement Payment from [UPC] to [Egan]." On January 14, Altecor filed an amended motion stating that she received notice on December 21, 2018 by phone that UPC had settled with Egan. Altecor further stated that she was unaware of settlement negotiations between UPC and Egan prior to receiving the call. Attached to the amended motion were five exhibits, including three letters from UPC to Altecor regarding the claim and two exhibits consisting of the insurance policy and special provisions. According to Altecor, the last information she received from UPC was on October 5, 2018, which included UPC's denial of coverage in response to Egan's *Stowers* demand. She asserted that the settlement "exposed [her] to additional liability, unreasonable judgment, financial loses [sic] for legal fees, expenses for increased home[ ]insurance rates that result the overall [sic] unfair increase of cost of living of [her] and her minor children." Altecor did not cite any legal basis on which the trial court had the authority to stop or reverse the settlement payment between UPC and Egan.

UPC filed a response to Altecor's emergency motion on January 30, 2019. UPC argued that its policy language, "[UPC] may investigate and settle any claim or suit that we decide is appropriate," permitted it the right to settle the claim. UPC provided a series of cases that considered and upheld settlements made under similar policy language.

_____

[2] The causes of actions outlined were found in Altecor's second amended cross claim, which was filed on January 14, 2019. Altecor sought monetary damages between $700,000 and $2,500,000, injunctive and declaratory relief, and "[s]pecific [p]erformance under the contract."

Several letters between Altecor, UPC, and Egan were attached as exhibits, as well as an excerpt of the policy containing the relevant language.

The trial court heard arguments on the motion on January 31, 2019, and denied Altecor's motion through a written order on February 1, 2019. The suit between Altecor and UPC was severed on February 4, 2020, following an order granting summary judgment in UPC's favor. This appeal followed.[3]

## II.     APPLICABLE LAW

By two issues, Altecor argues the trial court erred in denying her emergency motion to stop payment because (1) the settlement agreement was not filed with the court and thus failed to conform to Texas Rule of Civil Procedure 11; and (2) UPC was improperly joined as a third party in the suit in violation of Texas Rule of Civil Procedure 38(c). *See* TEX. R. CIV. P. 11, 38(c).[4]

In order to preserve an issue for appeal, an appellant must show that the complaint was timely made before the trial court and "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX. R. APP. P. 33.1(a)(1)(A). "Additionally, the grounds supporting an objection made during trial must conform with the argument supporting the corresponding point of

---

[3] Appellate cause no. 13-20-00148-CV is a related case to this appeal. Altecor appealed a total of eight orders from the trial court, six of which were previously disposed.

[4] In support of the issues raised, Altecor makes a litany of arguments related to UPC's contractual rights and duties to defend and indemnify her against Egan's claims. However, Altecor's primary arguments remain that the two rules of civil procedure were violated, requiring the trial court to stop or reverse the settlement payment from UPC to Egan.

error on appeal." *Arroyo Shrimp Farm, Inc. v. Hung Shrimp Farm, Inc.*, 927 S.W.2d 146, 151 (Tex. App.—Corpus Christi–Edinburg 1996, no writ); *see JNM Express, LLC v. Lozano*, 627 S.W.3d 682, 691 (Tex. App.—Corpus Christi–Edinburg 2021, pet. filed). "An objection made during trial which is not the same as an argument urged on appeal presents nothing for appellate review." *Arroyo Shrimp Farm*, 927 S.W.2d at 151.

### III.    ANALYSIS

Altecor argues for the first time on appeal that the "settlement with [Egan] must be barred" because Texas Rule of Civil Procedure 38(c) prohibited UPC from being "joined as a third-party defendant." *See* TEX. R. CIV. P. 38(c) ("This rule shall not be applied, in tort cases, so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract liable to the person injured or damaged."). Altecor additionally argues that the settlement agreement between UPC and Egan does not comply with Texas Rule of Civil Procedure 11 and is thus unenforceable. *See* TEX. R. CIV. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.").

Altecor's motion and argument to the trial court contained neither references nor citations to either Rules 11 or 38. Because Altecor's arguments on appeal do not comport with her argument to the trial court, she has not preserved them for review. *See Arroyo Shrimp Farm, Inc.*, 927 S.W.2d at 150–51. Accordingly, Altecor's first and second issues

5

are overruled as unpreserved. *See id.*; TEX. R. APP. P. 33.1(a).[5]

Even if Altecor properly preserved her arguments, she would not succeed on appeal. Although Altecor argues Texas Rule of Civil Procedure Rule 38(c) was violated, the record reveals that Egan never filed suit directly against UPC. *See* TEX. R. CIV. P. 38(c). Rule 38 does not prevent an insurance company from negotiating and settling with a claimant; rather, it prevents a claimant from bringing suit against them directly as a party, unless the insurance company is liable by statute or contract. *See id.*; *see, e.g.*, *In re Essex Ins.*, 507 S.W.3d 418, 421 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (providing Rule 38 prohibits a liability insurer from being joined as a third-party unless liable to the injured party by contract or statute). UPC did not become a party to the lawsuit until Altecor filed claims against it. Further, Texas Rule of Civil Procedure 11 does not prevent parties from entering into and completing settlement agreements outside of court; rather, it prevents one of the parties to the settlement from invoking the trial court's authority to enforce the settlement in the event of a breach. *See* TEX. R. CIV. P. 11; *see, e.g.*, *Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health & Hum. Servs.*, 540 S.W.3d 553, 560–62 (Tex. 2018) (per curiam) (holding administrative judge erred by

---

[5] Similarly, Altecor's supporting arguments that UPC did not have a right or duty to indemnify her and settle the claim, and thus could not be brought into the suit, were not presented to the trial court. *See* TEX. R. APP. P. 33.1(a). In any event, to the extent Altecor argues UPC did not have the right to settle based on the contract language, we express doubt on her ability to succeed on these arguments. *See Dear v. Scottsdale Ins.*, 947 S.W.2d 908, 913–14 (Tex. App.—Dallas 1997, pet. denied) (holding that when policy gives absolute right to settle third-party claims, courts are not permitted to "engraft any consent requirement onto [the] policy"), *overruled on other grounds by Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122–23 (Tex.2001); *see also Stevens Transp., Inc. v. Nat'l Cont'l Ins.*, No. 05-98-00244-CV, 2000 WL 567225, at *3 (Tex. App.—Dallas May 11, 2000, no pet.) (holding the phrase "[insurer] may investigate and settle any claim or suit as [it] consider[s] appropriate" "unambiguously vested [the insurer] with an absolute right to settle third party claims based on its own discretion").

failing to enforce an agreement between litigants where the requirements of Rule 11 were met).

## IV. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
24th day of February, 2022.