**Opinion issued December 18, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00446-CV

_____

**KEVIN BRADY, Appellant**

**V.**

**PROGRESSIVE INSURANCE AND TYLER MATA, Appellees**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1223924**

---

## MEMORANDUM OPINION

Appellant Kevin Brady, proceeding pro se, sued appellees Progressive Insurance and its agent Tyler Mata for claims allegedly arising from a motor-vehicle collision with a non-party driver. Progressive and Mata filed a motion to dismiss under Rule of Civil Procedure 91a, which the trial court granted. In a single issue

with several subparts, Brady generally argues that the trial court erred by granting the motion and rendering judgment dismissing the suit. Because we hold that Brady was required to obtain a judgment or settlement against the insured driver before he could sue Progressive and Mata to recover under the driver's insurance policy, we affirm.

## Background

According to the allegations in Brady's petition, Suhaila Serda, a third-party driver insured by Progressive, ran a red light and crashed into Brady's vehicle in June 2023. Brady allegedly sustained damage to his vehicle and personal injury. Brady took his vehicle to an autobody shop, which completed some repairs before the work was "halted" because Progressive "never approved [the shop's] request" to complete repairs. "Progressive did not repair [his] truck."

Brady sued Progressive and Mata in March 2024. The petition does not clearly identify the parties except for Progressive, but an attachment to the petition lists Progressive and Mata as the only two defendants. The petition asserted a single claim alleging that "Progressive Insurance never repaired [Brady's] truck" and a medical doctor diagnosed Brady with personal injury resulting from the collision. Brady sought actual damages, exemplary damages, and attorney's fees.

Progressive and Mata moved to dismiss the suit under Rule 91a. They argued that Brady did not "allege any valid cause of action against the Defendants" on two

grounds. First, they argued that Brady did not allege any facts connecting his alleged vehicle damage and personal injury to their actions. Second, they argued that Brady could not assert a direct action against them for liability arising from the vehicle collision until he first obtained a judgment or settlement against the insured Serda. Progressive and Mata set the motion for submission on oral hearing, but the appellate record does not contain a reporter's record of any hearing.

Brady filed a response stating that he "oppose[d] all motions to dismiss in all methods." He argued that "Progressive must pay for damages caused" by its insured driver and that "Progressive has added to my pain and suffering as previously explained. Honestly I believe Progressive needs to be held liable for punitive damages if they continue to fight fact." Brady also objected to exhibits attached to the motion to dismiss.[1]

The trial court granted the motion and rendered judgment dismissing Brady's action with prejudice. This appeal followed.

---

[1] The exhibits were pleadings and a dismissal order in a prior suit Brady filed against Progressive and Mata in federal court. Because courts generally may not consider evidence in deciding a Rule 91a motion, we decline to consider the evidence. *See* TEX. R. CIV. P. 91a.6; *see also* TEX. R. CIV. P. 91a.7 (authorizing trial court to award attorney's fees and costs to prevailing party, but such award "must be based on evidence").

**Motion to Dismiss Under Rule 91a**

On appeal, Brady restates his allegations and generally complains that the trial court erred by granting the Rule 91a motion to dismiss.

**A.     Standard of Review**

Rule of Civil Procedure 91a authorizes a party to move for dismissal of a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

In deciding the motion, the trial court "may not consider evidence" but "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6; *see* TEX. R. CIV. P. 59 (permitting "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on" to be attached to and made part of pleadings).

We review de novo the trial court's ruling on a Rule 91a motion because the availability of a remedy under the facts alleged is a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

**B. Analysis**

Brady argues that he sustained vehicle damage and personal injury when Serda ran a red light and struck his vehicle. Brady asserts that "Progressive accepted liability within 24 hours," so he took his vehicle to an autobody shop. Progressive did not approve "additional repairs." In his reply brief, Brady argues that his petition named Progressive, Mata, and Serda as defendants. He further argues that the trial court "did not let [him] speak, cut off [his] mic during a conference, and dismissed [his] case while [the court] had [him] on mute"; the court "ignored all evidence"; and Progressive and Mata's "motion to dismiss did not contest facts."

It is well established that "Texas law prohibits an injured party from directly suing the defendant's insurer unless and until 'it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party.'" *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 835 (Tex. 2024) (orig. proceeding) (quoting *State Farm Cnty. Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam)). This rule is called the "no direct action" rule. *Id.* at 835–36. The rule has existed in Texas since at least 1935, and it is enshrined in two rules of civil procedure. *See Moxon v. Ray*, 81 S.W.2d 488, 489 (Tex. [Comm'n Op.] 1935); Tex. R. Civ. P. 38(c); Tex. R. Civ. P. 51(b). This Court has applied the rule and held that if an injured party directly sues an insurer before liability has been determined against the insured, the suit is subject to abatement or dismissal until liability is

5

determined. *In re Essex Ins. Co.*, 507 S.W.3d 418, 421–22 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding).

Brady's petition did not allege—and he does not argue—that he obtained a judgment or settlement against Serda before he sued Progressive and its agent Mata. For purposes of reviewing the Rule 91a motion, we take as true Brady's allegations that Serda ran a red light, collided with Brady's vehicle, and caused personal injury and damage to Brady's vehicle. *See* TEX. R. CIV. P. 91a.1. Nevertheless, Brady must obtain a judgment or settlement against Serda before he can seek recovery from Progressive and Mata for damages resulting from the collision. Until he does so, Brady does not have a claim against Progressive (as Serda's liability insurer) or Mata.

Brady argues on appeal that he named Serda as a defendant in this lawsuit. Although courts "review and evaluate pro se pleadings with liberality and patience," *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (quotation omitted), we disagree with Brady on this point. Brady's petition mentions Serda one time: It alleged that Serda "pulled out into oncoming traffic" and apologized to Brady after the collision. But the petition does not assert a claim against Serda for her actions. Rather, it asserts a claim against Progressive and Mata for allegedly refusing to repair his vehicle or pay him for his personal injury. Even if the petition could be construed to assert claims against Serda, Brady had not obtained a judgment

6

or settlement against Serda when he filed suit, so Progressive and Mata would still be entitled to dismissal under the no direct action rule. *See In re Essex Ins. Co.*, 507 S.W.3d at 421–22.

Finally, Brady argues that during a hearing, the trial court did not let him speak, cut off his microphone, dismissed the case while he was on mute, and ignored evidence. The appellate record does not contain a transcript of the hearing, so this Court is unable to review these contentions. But even taking Brady at his word, the petition speaks for itself, and we consider the allegations in the petition as true when determining whether the cause of action has a basis in law. *See* TEX. R. CIV. P. 91a.1. Nothing in the petition overcomes the no direct action rule prohibiting suit against Progressive and Mata until Brady obtains a judgment or settlement against Serda. *See id.*; *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d at 835.

To the extent the trial court ignored evidence, it was required to do so in ruling on the Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a.6 ("[T]he court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.").[2] For the same reason, Progressive and Mata were not required or permitted to contest facts in seeking dismissal under Rule 91a. *See id.*

---

[2] Brady's petition attached documents regarding the repair of his vehicle and medical records. To the extent any of these exhibits were admissible under Rule 59, none of the exhibits show that Brady has obtained a judgment or settlement against Serda.

We hold that the trial court did not err by granting the Rule 91a motion to dismiss and rendering judgment dismissing suit. We overrule Brady's issue.

## Conclusion

We affirm the judgment of the trial court.

David Gunn
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

8